UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02351

**Lobo,**
*Petitioner,*
v.
**Secretary, U.S. Department of Homeland Security, et al.,**
*Respondents.*

## ORDER

Petitioner Douglas Antonio Lobo ("Petitioner") filed a habeas petition, an application for a temporary restraining order ("TRO"), and a request for a preliminary injunction ("PI"). In his TRO, Petitioner requests the Court order Respondents to (1) refrain from removing him outside this jurisdiction while the emergency motion is pending, (2) produce Petitioner's immigration detention records and custody documents, (3) order Respondents to show cause why Petitioner should remain detained, (4) set an expedited hearing, (5) order an individualized custody hearing, and (6) order Petitioner's release. ECF No. 1 at p. 7. The Court denies Petitioner's application for a TRO, and holds Petitioner's application for a PI in abeyance.

## BACKGROUND

Petitioner is a native and citizen of Honduras. Petitioner was detained by federal immigration authorities on or about September 10, 2025, and is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. Petitioner is seeking asylum.

On August 26, 2026, Petitioner filed a petition for a writ of habeas corpus, an application for a TRO, and an application

for a PI. The Court now considers Petitioner's application for a TRO.

## LEGAL STANDARD

The party seeking a TRO must show a substantial likelihood he will prevail on the merits, a substantial threat of irreparable harm if the injunction is not granted, that the threatened injury outweighs the threatened harm to the non-movant, and that the injunction will not disserve the public interest. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "[S]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).

## ANALYSIS

Petitioner is not entitled to a TRO because Petitioner has not sufficiently demonstrated he will suffer imminent and irreparable harm absent extraordinary emergency relief or that he has a likelihood of success on the merits of his claims.

***No likelihood of success on the merits.*** Petitioner is not entitled to a TRO because he is not likely to succeed on the merits of his habeas claim. Petitioner first alleges he is entitled to habeas relief because his detention without a bond hearing violates due process, but Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523.

Petitioner separately appears to allege that he faces "substantial practical prejudice in preparing his asylum

application while detained" as a right to counsel claim. This is not a proper habeas claim. Rather, a claim that he was deprived of his statutory right to access counsel may be raised to the court of appeals on an appeal from a removal order, if he is ordered removed. *See Nat'l Immigr. Project of Nat'l Laws. Guild v. Exec. Off. of Immigr. Rev.*, 456 F. Supp. 3d 16, 29–30 (D.D.C. 2020) (holding that the INA channels jurisdiction over this type of claim into the courts of appeals). But even if this Court were to have jurisdiction over this claim, Petitioner has not presented facts showing that his right to access counsel was violated. *See* 8 U.S.C. § 1362 (stating aliens in removal proceedings before an immigration judge "have the privilege of being represented (at no expense to the Government) by such counsel").

***No irreparable harm.*** Petitioner is also not entitled to a TRO because he has not demonstrated imminent and irreparable harm in the absence of extraordinary emergency relief. Petitioner does not show how transfer to a different district would irreparably harm him. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140, at *1 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). Petitioner also does not show how his detention irreparably harms his asylum claim. To the contrary, Petitioner's request "demonstrates no threat of imminent harm beyond the ordinary hardships of detention." *Tedros v. Blanche*, No. 3:26-cv-02941, 2026 WL 2296488, at *1 (W.D. La. Aug. 10, 2026) (denying a petitioner's request for a TRO). Accordingly, Petitioner's application for a temporary restraining order is denied. *See, e.g., Lotter v. Lyons*, No. SA-25-cv-00568-JKP, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025) (denying a petitioner's application for a TRO prohibiting the petitioner's transfer out of the court's district).

* * *

The application for a temporary restraining order is denied.

*So ordered by the Court on September 1, 2026.*

ANDREW DAVIS
United States District Judge